IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CORNELIUS J. HUNTER, SR., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-3639 |
| | § | |
| FEDERAL NATIONAL MORTGAGE | § | |
| ASSOCIATION, *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

Defendants Federal National Mortgage Association and Freedom Mortgage Corporation filed a Motion for Summary Judgment [Doc. # 11] on July 16, 2013. Plaintiff neither filed an opposition to the Motion nor requested additional time to do so. In the interests of justice, the Court did not grant Defendants' Motion at that time but, instead, issued an Order [Doc. # 12] directing Plaintiff to file any opposition to Defendants' Motion for Summary Judgment by August 23, 2013. Although the failure to respond to a motion for summary judgment standing alone is an inadequate basis for granting summary judgment, *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995), the Court in this case cautioned Plaintiff that failure to respond would result in Defendants' Motion for Summary Judgment being granted as unopposed. Again Plaintiff failed to respond to the Motion for Summary Judgment

or to request an extension of the response deadline. As a result, Defendants' Motion for Summary Judgment is **granted as unopposed**.

Additionally, the Court notes that summary judgment in favor of Defendants is appropriate on the merits. Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

Plaintiff's mortgage was in default and was sold at foreclosure. Plaintiff, represented by counsel, filed this lawsuit in Texas state court asserting claims entitled "Fraud," "Wrongful Foreclosure Due to Fraud," "Wrongful Foreclosure Due to Failure to Properly Notice," "Slander of Title," "Promissory Estoppel," "Unreasonable Collection," "Accounting," and "Temporary and Final Injunctive Orders Concerning

Use of The Subject Property and Production of Documents." Plaintiff has failed to present any legal authorities that support these claims. Moreover, Plaintiff has failed to present any evidence that raises a genuine issue of material fact as to any claim asserted in this case.

Defendants have submitted evidence including the Deed of Trust executed by Plaintiff (Exhibit B), the Assignment of Deed of Trust from MERS to Freedom Mortgage Corp. dated December 6, 2010 (Exhibit C), the Appointment of Substitute Trustee dated November 21, 2011 (Exhibit E-4), and the Substitute Trustee's Deed identifying Freedom Mortgage Corp. as the Lender and transferring the Property to Federal National Mortgage Association on December 6, 2011 (Exhibit D). Defendant also presented evidence of an Agreed Final Judgment entered in Fort Bend County Court at Law ordering Plaintiff and all other occupants of the Property to vacate by June 6, 2012 (Exhibit G). In the Agreed Final Judgment, Plaintiff agreed to waive any right to appeal or otherwise challenge the validity or finality of the Agreed Final Judgment.

Based on Plaintiff's failure to cite any legal authority supporting his claims, failure to present evidence that raises a genuine issue of material fact in support of his claims, and failure to file any opposition to Defendants' Motion for Summary Judgment, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment [Doc. # 11] is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this **29th** day of **August, 2013**.

_____
Nancy F. Atlas
United States District Judge